UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ERIN COTTER
406 Forest Avenue
Plymouth, Wisconsin 53073

      Plaintiff,

  v.

MILWAUKEE AREA TECHNICAL
COLLEGE FOUNDATION, INC.
700 West State Street, Room S214
Milwaukee, Wisconsin 53233

      Defendant

Case No.:     18-cv-1847

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Erin Cotter, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Erin Cotter, is an adult female resident of the State of Wisconsin with a post office address of 406 Forest Avenue, Plymouth, Wisconsin 53073.

5. Defendant, Milwaukee Area Technical College Foundation, Inc., was at all material times herein, an enterprise with a principal address of 700 West State Street, Milwaukee, Wisconsin 53233.

6. Defendant is a higher educational institution that provides services across multiple locations throughout the State of Wisconsin.

7. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

8. During the relevant time periods as stated herein, Defendant was an enterprise operating a private institution of higher education.

9. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

10. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

## GENERAL ALLEGATIONS

11. On or about September 5, 2017 Defendant hired Plaintiff as a Full-Time, Office Specialist for the Recruitment Department in Defendant's Student Services Division.

12. During Plaintiff's employment with Defendant, Plaintiff performed work primarily at Defendant's Milwaukee, Wisconsin location, located at 700 West State Street, Milwaukee, Wisconsin 53233.

13. During Plaintiff's employment with Defendant and in her position of Office Specialist for the Recruitment Department, her job duties and responsibilities included: communicating with students and/or prospective students; scheduling campus tours; coordinating meetings between students and recruiters; assisting with the planning of and preparation for events; preparing and maintaining office documents and Google folder system; overseeing a staff of lower level clerical employees; and other various office duties.

14. At the outset of Plaintiff's employment with Defendant, Plaintiff was allotted vacation and/or sick time that accrued throughout her employment.

15. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff on an hourly basis for all work performed.

16. During Plaintiff's employment with Defendant, Plaintiff performed compensable work at, on behalf of, and/or at the direction of Defendant.

17. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay of $21.72.

18. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

19. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff for work performed via bi-weekly direct deposits.

20. During Plaintiff's employment with Defendant, Defendant's agreement with Plaintiff was to compensate her at her hourly rate of pay for any and all work performed, and at an overtime rate of pay for any and all work performed beyond forty (40) hours in a workweek.

21. During Plaintiff's employment with Defendant, Defendant typically or customarily scheduled Plaintiff to work 38.75 hours per workweek.

22. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

23. During Plaintiff's employment with Defendant, Defendant initially scheduled Plaintiff to work from 7:45 a.m. to 4:15 p.m, Monday through Friday. Subsequently, Defendant scheduled Plaintiff to work from 7:30 a.m. to 4:00 p.m. Monday through Friday.

24. During Plaintiff's employment with Defendant, Plaintiff typically or customarily arrived to work at Defendant between 7:00 a.m. and 7:15 a.m.

25. During Plaintiff's employment with Defendant, Plaintiff typically or customarily arrived to work at Defendant between 7:00 a.m. and 7:15 a.m., regardless of whether her scheduled start time was 7:45 or 7:30 a.m.

26. During Plaintiff's employment with Defendant and upon her arrival to work at Defendant, Plaintiff immediately began performing compensable work.

27. During Plaintiff's employment with Defendant and upon her arrival to work at Defendant, Plaintiff immediately began performing compensable work in the form of booting-up her computer, responding to and sending emails, responding to and sending messages from student workers with whom she worked, responding to and sending messages to her supervisor, and other work-related activities.

28. During Plaintiff's employment with Defendant and at the end of her scheduled workday, Plaintiff typically or customarily worked beyond her scheduled shift end-time.

29. During Plaintiff's employment with Defendant, Plaintiff was responsible for manually recording or tracking her hours worked each workday.

30. During Plaintiff's employment with Defendant, Plaintiff was responsible for submitting her hours worked into Defendant's timekeeping system on a bi-weekly basis.

31. During Plaintiff's employment with Defendant, Plaintiff initially reported to Sophia Williams, Manager. Subsequently, she reported to Marwill Santiago, Interim Manager.

32. During Plaintiff's employment with Defendant, Defendant, specifically Williams and Santiago, told Plaintiff not to record or submit her hours worked before or after her scheduled shift start and end times.

33. During Plaintiff's employment with Defendant and in reference to Plaintiff's performance of pre- and post-shift work, Williams and Santiago told her that it was okay that she was working pre- or post-shift, but that she would not be paid for such time.

34. During Plaintiff's employment with Defendant and in reference to Plaintiff's performance of pre-shift work, Williams or Santiago told her, "It's better than taking a nap in the parking garage until it's time to come in," or words to that effect.

35. On occasions when Plaintiff submitted an accurate record of her hours worked (in that the hours submitted exceeded her scheduled hours of work as a result of pre- and post-shift work performed) into Defendant's timekeeping system, Williams and Santiago verbally reprimanded her.

5

36. On occasions when Plaintiff submitted an accurate record of her hours worked into Defendant's timekeeping system, Williams and Santiago overrode and changed Plaintiff's hours of work to reflect her scheduled shift start and end times.

37. During Plaintiff's employment with Defendant, Plaintiff's scheduled hours of work included a daily, forty-five (45) minute unpaid meal break.

38. During Plaintiff's employment with Defendant, Plaintiff's meal break was not scheduled to occur at any given or specific time during her workday.

39. During Plaintiff's employment with Defendant, Plaintiff periodically worked through or while taking her meal break.

40. During Plaintiff's employment with Defendant and on occasions when she worked through or during her meal break, Santiago told Plaintiff that doing so was, "[Plaintiff's] choice," or words to that effect.

41. During Plaintiff's employment with Defendant an on occasions when she worked through or during her meal break, she typically or customarily told Santiago that she did so and requested the ability to leave before her scheduled shift end-time as a result, which Santiago denied.

42. During Plaintiff's employment with Defendant an on occasions when she worked through or during her meal break, Defendant did not compensate Plaintiff for such meal break.

43. During Plaintiff's employment with Defendant, Plaintiff did not have the option or ability to indicate that she worked through or during her meal break in Defendant's timekeeping system.

44. On or about August 14, 2018, Defendant terminated Plaintiff's employment.

45. Upon information and belief, at the time of Plaintiff's termination, Plaintiff had accrued and unused vacation and/ or sick time remaining.

46. Upon information and belief, Defendant did not compensate Plaintiff for her remaining accrued and unused vacation and/or sick time subsequent to her termination.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY)

47. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

48. 29 U.S.C. § 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers who are an enterprise operating a private institution of higher education.

49. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

50. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked over forty (40) hours in a workweek during Plaintiff's employment with Defendant.

51. Defendant's failure to properly and legally compensate Plaintiff for any and all compensable work performed during her employment was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

53. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

54. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## **SECOND CAUSE OF ACTION – WWPCL VIOLATIONS**
### **(OVERTIME PAY – TIMESHAVING; FAILURE TO PAY AN AGREED UPON WAGE; AND ON-DUTY MEAL PERIODS)**

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

56. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and Wis. Stat. § 104.01(2)(a).

57. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. § 103.001(6), Wis. Stat. § 104.01(3)(1), and Wis. Admin. Code § DWD 272.01(5).

58. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

59. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these

activities, including at an overtime rate of pay, at the correct overtime rate of pay, and at a previously agreed-upon rate of pay.

60. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage, as defined in Wis. Stat. § 109.01(3), including at her normal and previously agreed-upon regular rate of pay for all hours worked and work performed during said workweek, and payment of accrued vacation and/or sick time.

61. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendants, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work."

62. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

63. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

64. Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, agreed-upon wages, accrued vacation and/or sick time, on-duty meal periods, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff her attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 26th day of November, 2018

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          *s/ Matthew J. Tobin*
                                          James A. Walcheske, State Bar No. 1065635
                                          Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
mtobin@walcheskeluzi.com